

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

~~Gerald C. Mann~~
~~ATTORNEY GENERAL~~

Honorable George A. Hight, Chief Accountant
Board of County and District Road Indebtedness
Austin, Texas

Dear Sir:

Opinion Number O-3908
Re: The date of eligibility of
certain bonds to participate
in the County and Road Dis-
trict Highway Fund.

We acknowledge receipt of your letter requesting
our opinion on certain questions propounded therein. You
quote Subsection (a) of Section 6 of House Bill 686, Acts
of the Regular Session of the Forty-sixth Legislature, which
reads, in part, as follows:

"In addition to and regardless of the other
provisions of this Act, all bonds voted by a
county prior to January 2, 1939, in so far as
amounts of same were or may be issued and the
proceeds actually expended in the construction
of roads which are a part of the designated sys-
tem of State Highways, shall be eligible to par-
ticipate in the distribution of the moneys coming
into said County and Road District Highway Fund
the same as provided for other bonds under this
Act and as of the date of designation of said
road as a part of the State System; and where
such bonds were voted prior to the designation
of the road as a State Highway, the county may
issue and spend the proceeds on the construction
of such road under contract and specifications
to be approved by the State Highway Department,
and when so expended the bonds shall be eligible
to participate in the County and Road District
Highway Fund the same as if the bonds were is-
sued and expended prior to January 2, 1939."

The above quoted law was amended in some respects
by the First Called Sessionof the Forty-seventh Legisla-
ture, 1941. The amendment made no particularor substan-
tial change in the above quoted provision of the prior law;
however, it added the following language to such section:

"And where such bonds or warrants were voted
prior to January 2, 1939, and prior to the de-
signation of the road as a State Highway, and
which have not yet been issued or expended, the
county or defined road district may issue such
bonds or warrants or other legal evidences of

indebtedness and place the proceeds in escrow
with the State Highway Commission for the con-
struction of such road under plans, contracts,
specifications, and supervision of the State
Highway Department, and when so expended, the
bonds, warrants or other evidences of indebted-
ness shall be eligible to participate in the
County and Road District Highway Fund the same
as if the bonds had been issued and expended
prior to January 2, 1939. Provided further that
all such bonds or warrents to be hereafter sold
pursuant to this paragraph by a county or defined
road district, which will be eligible for partici-
pation in the County and Road District Highway Fund,
under the provisions of this Section, shall be sold
subject to the approval of the Board of County and
District Road Indebtedness as to amounts, maturi-
ties and interest rate".

Your first question reads as follows:

"Under the provisions of the above quoted stat-
ute a county which had voted bonds for road pur-
poses prior to January 2, 1939, deposited money
derived from the sale of such bonds in escrow
with the State Highway Department on May 13, 1940,
for the purpose of defraying expenses of con-
struction of a road which was at the time a
part of the State Highway System, such funds
remaining in the escrow account from May 13,
1940; construction of the road was begun at
a subsequent date and the moneys were with-
drawn in monthly instalments of varying amounts,
beginning February 15, 1941, and ending August
22, 1941, at which time the balance of the en-
tire amount derived from the sale of the bonds
was withdrawn and paid out by the State High-
way Department to the contractor constructing
the road which was and is a part of the State
Highway System.

"Under this quoted statutory provision we
request your opinion as to the date of eligi-
bility of the bonds to participate in the County
and Road District Highway Fund."

It appears that the authorities generally do not
consider the term "escrow" as contemplating a deposit of
money, but if money is deposited with a third person pur-
suant to a written agreement for delivery to the grantee
upon the performance of some condition imposed therein, we
think the principles of law applicable to escrow agreements
generally would apply with equal force to escrow agreements
involving a deposit of money.

Therefore, if money is made available by a county
to the State Highway Department by means of an escrow agree-
ment, title to the funds so deposited legally remains in the
county until the performance of the conditions pursuant to
which the title is to pass to the State Highway Department.
See Mudd v. Green, 12 S. W. 139, and Corr v. Martin, 77 N.E.

870. The county as the grantor cannot legally recall its agreement until the other party as grantee has either failed to carry out his agreement or same has not been seasonably performed, as may have been contemplated by the agreement.

The above quoted statute provides that when the proceeds of the bonds (funds now covered by escrow agreement) have been expended in the construction of roads constituting a part of the State Highway System, the bonds should then be eligible to participate in said fund the same as provided for other bonds under the Act and as of the date of the designation of such road as a part of the System.

It appears from the facts underlying your first question that the Highway Department availed itself of the escrow funds in monthly installments of varying amounts until said funds were fully expended in accordance with the above quoted statute and the terms of the escrow agreement. All such expenditures were within the period commencing February 15, 1941, and ending August 22, 1941, such funds having been deposited in escrow on May 13, 1940.

Since title to the funds did not pass until they were applied to the purpose named, it is obvious that the bonds could not become eligible for participation in the time intervening the deposit in escrow and the first withdrawal, to-wit: May 13, 1940, to February 15, 1941. As the funds were withdrawn by the Highway Department, title thereto undoubtedly passed from the grantor to the grantee, and certainly the bonds to the extent of the withdrawal became eligible for participation. Therefore, on August 22, 1941, after all of the funds had been withdrawn or expended, the Board became obligated to make the bonds fully eligible and such interest and principal as falls due subsequent to such date should, under the terms of House Bill 688, or its successor, House Bill 6 of the First Called Session of the Forty-seventh Legislature, be paid out of the moneys accruing to the Board and available for such purpose.

The funds when fully expended on a State Highway qualifies the bonds from which they are derived to participate to the extent of 100% and would then be eligible for full payment by the Board as to both interest and principal. If an interest and/or principal paying date intervenes prior to a full expenditure or withdrawal by the State Highway Department of the escrow fund, we think the Board's obligation to pay would be governed by the amount actually expended or so withdrawn at that time. In other words, the percent of participation would be determined by the ratio that the amount actually expended or withdrawn bears to the total sum escrowed.

In our opinion the foregoing answers both your first and second questions. We therefore deem it unnecessary to discuss the second question.

Trusting that the foregoing fully answers your inquiry, we are

CED-s:jrb

APPROVED OCT. 7, 1941

/s/ Grover Sellers

FIRST ASSISTANT

ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe

Clarence E. Crowe

Assistant

APPROVED OPINION COMMITTEE

BY BWB, Chairman